**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                      )
CHARLES A. SYKES,                     )
                                      )
    Plaintiff,                        )
                                      )
    v.                                )     Civil Action No. 04-2031 (RBW)
                                      )
KAY COLES JAMES, Director             )
Office of Personnel Management        )
                                      )
    Defendant.                        )
_____)

## <u>MEMORANDUM OPINION</u>

The <u>pro se</u> plaintiff in this case brings this action against the Office of Personnel

Management ("OPM"), appearing to allege a violation of the Age Discrimination in

Employment Act of 1967 ("ADEA" or "the Act"), 29 U.S.C. §§ 621 <u>et seq.</u> (2000).  The

defendant has filed a motion to dismiss pursuant to Federal Rules of Civil Procedure

12(b)(1) and 12(b)(6).  Currently before the Court are (1) Defendant's Memorandum of

Points and Authorities in Support of Motion to Dismiss ("Def.'s Mem."); (2) Plaintiff's

Statement of Clarification and Comment Regarding Defendant's Motion to Dismiss

("Pl.'s Opp."); (3) Defendant's Reply in Support of Motion to Dismiss ("Def.'s Repl.");

and (4) Plaintiff's Response and Clarification to Defendant's Motion to Dismiss ("Pl.'s

Surrepl.").[1]  For the reasons set forth below, the Court grants the defendant's motion to dismiss.


## I. <u>Background</u>

The facts of this case are largely skeletal but not otherwise in dispute.  Because the

circumstances giving rise to the plaintiff's complaint are so narrow in scope, it is

unnecessary to provide more than a cursory recitation of the plaintiff's apparent

employment history with the federal government.  It appears from the material

submitted to this Court that the plaintiff is a 55-year-old man[2] who has been employed

by the federal government at some point within the past thirty years.[3]  Complaint

_____

[1]The local rules do not provide for the filing of a surreply without prior leave of the Court.  However, because neither the plaintiff's initial complaint nor his subsequent opposition to the defendant's motion to dismiss reference any caselaw, statutory provision, or other legal theory on which the plaintiff's claim might be grounded, this Court will consider the plaintiff's surreply as validly filed to the extent that it refers to the ADEA as a basis for the sustainability of this action.

[2]The plaintiff states in an unrelated Informal Complaint of Discrimination – attached as part of Exhibit 3 and involving a 2001 complaint against the Department of Housing and Urban Development ("HUD") – that he was born in 1950.  Compl., Ex. 3 at 2.  It is notable that, although the plaintiff's complaint in the instant case seems to be grounded in a claim of age discrimination, the plaintiff's age and year of birth appear nowhere in the complaint or in any of the plaintiff's subsequent filings, other than fleetingly in Exhibit 3.

[3]The plaintiff's complaint refers to his "past federal government experience at U.S. Dept. of HHS (formerly U.S. Dept. of HEW)."  Compl. at 2. The plaintiff's opposition to the Defendant's Motion to Dismiss provides additional details about that employment, stating that the plaintiff began working as a "Summer Trainee" at the Department of Health, Education, and Welfare on "July 26, 1996 . . . [and with] no break in service[,] submitted the SF-52 Resignation in July 1982 while serving as an Employee Development Specialist."  Pl.'s Opp. at 2-3.  The Department of Health, Education, and Welfare became the Department of Health and Human Services on May 4, 1980.  <u>See</u> "Historical Highlights," <u>at</u> http://www.hhs.gov/about/hhshist.html.  Given the plaintiff's statement that he resigned his position in 1982 with "no break in service," it appears likely that the plaintiff's statement that he commenced his

(continued...)

("Compl.") at 2; Pl.'s Opp. at 2-3.  It further appears that the plaintiff unsuccessfully

sought employment with multiple federal agencies at various times over the last

decade,[4] Compl., Ex. 2, and on two occasions filed administrative complaints with Equal

Employment Opportunity ("EEO") counselors alleging discrimination based on race,

sex, age, and religion in his non-selection for senior-level government positions,[5] see

generally Compl., Ex. 3.  Notwithstanding the plaintiff's employment history, it appears

from the complaint that this action solely concerns a telephone call that occurred

between the plaintiff and defendant OPM in connection with the plaintiff's application for

a position at the Environmental Protection Agency ("EPA").  Compl. at 1-2; Pl.'s Opp. at

2.

        According to the plaintiff, on October 3, 1996, the OPM sent a letter to him

concerning his application for a federal pay scale grade level GS-13 personnel

management specialist position at the EPA.  Compl., Ex. 2 at 1.  The letter stated that

the plaintiff's "rating [of 80.0] was not high enough for [him] to be referred to the

agency."  Id.  Nevertheless, the plaintiff apparently interviewed with the EPA for the

position in December 1996 at Waterside Mall in Washington, D.C.  Pl.'s Opp. at 2.  At

_____

        [3](...continued)
employment in 1996 is a typographical error.  As of October 4, 2004, a little more than a
month before this action was filed, the plaintiff was employed on a temporary basis with
the United States Postal Service.  Compl., Ex. 1 at 1-2.

        [4]Attached to the plaintiff's complaint as part of Exhibit 2 are documents dated
between 1996 and 2001 relating to ten separate federal jobs for which the plaintiff
applied, most through the OPM, but was not selected.  Compl., Ex. 2.

        [5]  The administrative complaints were filed against HUD in 2001 and against the
OPM in 2002.  Neither complaint was deemed to be meritorious, and there is no
indication in the record that further action was taken.  Compl., Ex. 3.

the interview, the plaintiff was told that the EPA interviewer "received the certificate (certificate of eligibles) from [the] OPM and [the] OPM did the rating; and she went by the listing sent to her from [the] OPM and the certificate had a return date." Id. The plaintiff offers no information about the ultimate result of his interview with the EPA. However, on an indeterminate date – apparently sometime after the December 1996 interview – the plaintiff telephoned the OPM to inquire whether he could tell other federal agencies about "a rating [he] received for a GS-13 Personnel Management Specialist at [the EPA]." Compl. at 1. During the telephone call, an unidentified female OPM worker allegedly told the plaintiff something along the following lines: "Just because you got one 13 doesn't mean you're going to get another one – they're talking about looking/pulling your records anyway. . . ." Id. at 2.

On November 17, 2004, the plaintiff filed his pro se complaint in this action, detailing the circumstances of the allegedly offending telephone call. In his complaint, the plaintiff alleges that the OPM worker's statement "implied that [he] had been overrated" and indicated that the "OPM was questioning [his] capability . . . as well as depreciating [his] value and discrediting [his] past governmental experience. . . ." Id. The plaintiff contends, moreover, that "[t]he statement made by the OPM worker was binding and she stated it assuredly," id., and that the statement was "improper and disrespectful," Pl.'s Opp. at 2. He opines that because defendant OPM "writes the qualification standards and . . . advise[s] other federal agencies regarding individual qualifications," the worker's statement is an indication that the defendant will prevent him from being hired by the federal government. Id. The plaintiff asks this Court to "review [his] personnel documents . . . and identify a well managed federal agency" that can assist

him in being "reinstated as a career senior level management employee at [the] GS-13 [grade level]."[6]  Pl.'s Opp. at 3; Compl. at 3.

The plaintiff nowhere alleges that he was discriminated against on the basis of his age, nor does he use the words "age" or "discrimination" or, as noted before, does he allude in any respect to his own year of birth or the OPM worker's knowledge of his age. According to the plaintiff's surreply, however, the Civil Cover Sheet completed by the plaintiff when he submitted his complaint states that "the U.S. Civil Statute that I'm filing . . . [under is the] Age Discrimination in Employment Act."  Pl.'s Surrepl. at 2.  Because this Court has "an obligation to construe pro se filings liberally," Toolaprashad v. Bureau of Prisons, 286 F.3d 576, 583 (D.C. Cir. 2002), the plaintiff's action will be treated as having been filed pursuant to the ADEA.

On March 2, 2005, the defendant filed a motion to dismiss this case under Rules 12(b)(1) and 12(b)(6).  Specifically, the defendant argues (1) that the Court lacks subject-matter jurisdiction over this action because the plaintiff did not timely exhaust his administrative remedies by first bringing his case before the Equal Employment Opportunity Commission ("EEOC"), Def.'s Mem. at 8-10, and (2) that the bare and conclusory nature of plaintiff's complaint articulates no cognizable claim upon which relief can be granted, id. at 3-8, 10-11.  In support of this latter argument, the defendant contends that the plaintiff cannot satisfy the requisite elements of an employment

---

[6]In his surreply, the plaintiff expands upon his request for relief, stating that he seeks "judgments compelling employment in a Federal career position (comparable to GS-12/GS-13, reinstatement at GS-12/GS-13 (201 or 235 series))."  Pl.'s Surrepl. at 2.

discrimination claim,[7] id. at 3-6; that factually the plaintiff has failed to allege discrimination, id. at 6-7; and that the court has no authority either to cure the plaintiff's asserted injury or to grant his requested relief, id. at 7-8, 10-11.

## II. Standards of Review

### A. Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears a burden of establishing, by a preponderance of the evidence, that the court has jurisdiction to entertain his claims.  Fed. R. Civ. P. 12(b)(1); Bennett v. Ridge, 321 F. Supp. 2d 49, 51 (D.D.C. 2004), aff'd, 425 F.3d 999 (D.C. Cir. 2005).  In considering a motion to dismiss for lack of subject-matter jurisdiction, the Court "must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Bd., 120 F. Supp. 2d 78, 81 (D.D.C. 2000); see also Scandinavian Satellite System v. Prime TV Ltd., 291 F.3d 839, 844 (D.C. Cir. 2004). However, the Court need not "accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations."  Zhengxing v. Nathanson, 215 F. Supp. 2d 114, 116 (D.D.C. 2002) (citation omitted).  The Court may not grant a Rule

---

[7]Perhaps understandably, in the absence of any clear indicia of the legal basis for the plaintiff's claim, the defendant treats the plaintiff's complaint as an employment discrimination claim under Title VII, 42 U.S.C. § 2000e et seq. (2000), despite there being no suggestion that plaintiff intended to file a Title VII action.  The statutory framework of the ADEA, while similar to that of Title VII, is not identical, and for that reason the defendant's analysis of the plaintiff's claim is an imperfect fit for what the Court concludes the plaintiff is actually alleging.  Nevertheless, the defendant's conclusion – that the plaintiff has failed to state a claim upon which relief can be granted – is correct, whether considered under Title VII or the ADEA.

12(b)(1) motion to dismiss for lack of jurisdiction unless "it appears beyond doubt that

the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief."  Loughlin v. United States, 393 F.3d 155, 162-63 (D.C. Cir. 2004) (quoting

Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## B. Rule 12(b)(6)

When evaluating a motion for failure to state a claim upon which relief can be

granted pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court "must treat the

complaint's factual allegations as true and must grant the plaintiff the benefit of all

inferences that can be derived from the facts alleged."  Sparrow v. United Airlines, Inc.,

216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal quotation marks and citations omitted).

If the complainant is pro se, the factual allegations contained in his complaint should be

held "to less stringent standards than formal pleadings drafted by lawyers."  Id. at n.2

(quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  In any event, "[g]iven the

Federal Rules' simplified standard for pleading," a Rule 12(b)(6) complaint may be

dismissed "only if it is clear that no relief could be granted under any set of facts that

could be proved consistent with the allegations."  Swierkiewicz v. Sorema, 534 U.S.

506, 514 (2002) (internal quotation marks and citation omitted); see also Williams v.

Chertoff, 2005 WL 3200794, *2 (D.D.C. 2005) (stating that "the [Rule 12(b)(6)] movant

is entitled to judgment if there are no allegations in the complaint which, even if proven,

would provide a basis for recovery") (citing Haynesworth v. Miller, 820 F.2d 1245, 1254

(D.C. Cir. 1987)).

### III. <u>Legal Analysis</u>

**A. The Defendant's Rule 12(b)(1) Motion**

The defendant moves to dismiss the plaintiff's action for lack of subject-matter jurisdiction, arguing that the plaintiff failed to exhaust his administrative remedies before bringing this lawsuit.[8]  Def.'s Mem. at 8-10.  The defendant notes that while the plaintiff's allegations concern a nine-year-old agency rating and job interview and a telephone call of indeterminate date, the plaintiff nowhere indicates that he has ever sought to address his complaint through the required administrative channels.  <u>Id.</u> at 10.  The plaintiff does not respond to these arguments in his opposition to the defendant's motion or in his subsequent surreply.

The ADEA, through 29 U.S.C. § 633a (2000), is "the exclusive remedy for a federal employee [or applicant for federal employment] who claims age discrimination."[9]

---

[8]The defendant also argues that the plaintiff's action is time-barred under 28 U.S.C. § 2401(a), to the extent the plaintiff's allegations relate to an event occurring more than six years before the complaint was filed.  Def.'s Mem. at 10.  However, it is not settled law in this Circuit that § 2401(a) applies to ADEA actions, <u>see</u> <u>Price v. Greenspan</u>, 374 F. Supp. 2d 177, 186 (D.D.C. 2005), and "the majority of other [C]ircuits" that have addressed the issue have applied Title VII's 90-day statute of limitations instead, <u>Edwards v. Shalala</u>, 64 F.3d 601, 606 (11th Cir. 1995); <u>see</u> <u>also</u> <u>Stevens v. Dep't of Treasury</u>, 500 U.S. 1, 7-8 (1991).  The date of the telephone conversation between the plaintiff and the OPM employee, which seems to be the event giving rise to this litigation, is unclear from the record.  It is possible, albeit unlikely, that the telephone call occurred recently enough as to render timely the plaintiff's suit.  However, because the Court concludes that the plaintiff's complaint fails to state a cognizable claim, it is unnecessary to reach the statute of limitations issue.  In any event, if either the plaintiff's October 1996 letter from the OPM or his December 1996 interview with the EPA constitute the basis for all or part of this complaint, they are time-barred by whichever statute of limitations is applicable.  <u>Cf.</u> <u>Stevens</u>, 500 U.S. at 8 (observing that the plaintiff's ADEA suit was commenced "well within whatever statute of limitations might apply to the action").

[9]The Act provides, in relevant part, that "[a]ll personnel actions affecting . . .
(continued...)

Chennareddy v. Bowsher, 935 F.2d 315, 318 (D.C. Cir. 1991).  There are two ways in which an aggrieved person is authorized to seek relief under § 633a.  See Stevens v. Dep't of Treasury, 500 U.S. 1, 5 (1991).  First, the person may file a formal administrative complaint with the EEOC and, if unsatisfied with the ultimate administrative outcome, may then initiate a civil action in a federal district court.  29 U.S.C. §§ 633a(b), (c) (2000).  Alternatively, the person may bypass the administrative process entirely and bring an action directly to a federal district court, so long as the person provides the EEOC with formal notice of his or her intent to sue within 180 days of the allegedly discriminatory act and no less than 30 days before commencing the lawsuit.  29 U.S.C. § 633a(d) (2000); 29 C.F.R. § 1614.201 (2005); see also Rann v. Chao, 346 F.3d 192, 195 (D.C. Cir. 2003).

Here, there is nothing to indicate that the plaintiff contacted the EEOC at any time regarding his telephone call to the OPM, whether to file an administrative complaint under § 633a(b) or to give the agency notice of his intent to sue under § 633a(d).[10] Consequently, even if the Court were to infer from the paltry record that the plaintiff chose to forego the administrative route and begin his effort to obtain relief instead in this District Court, as he is authorized by statute to do, there is no escaping the twin

---

[9](...continued)
applicants for employment who are at least 40 years of age . . . in executive agencies . . . shall be made free from any discrimination based on age."  29 U.S.C. § 633a(a) (2000).

[10]Indeed, as noted earlier, it is unclear even when the 180-day period would begin to toll, as the date of the telephone call between the plaintiff and the OPM is not referenced in the complaint or elsewhere in the record.

inference that the plaintiff did not give the EEOC timely – or any – notification of his intent to sue.

It is clear that "[f]ailure to exhaust administrative remedies deprives a district court of subject matter jurisdiction," Williams, 2005 WL 3200794 at *1 (citing Artis v. Greenspan, 158 F.3d 1301, 1302 (D.C. Cir. 1998)), and lack of any evidence that the plaintiff filed the requisite notice of his intent to sue with the EEOC is thus viable grounds for dismissal, see Rann, 346 F.3d at 198 (holding that notice of intent to sue must be filed with EEOC); McReady v. Breeden, 1991 WL 255590, *3-4 (D.D.C. 1991) (dismissing ADEA action for failure to notify EEOC of intent to file lawsuit).

The District of Columbia Circuit has held that "the timeliness and exhaustion requirements of § 633a(d) are subject to equitable defenses and are in that sense non-jurisdictional." Rann, 346 F.3d at 195; see also Kennedy v. Whitehurst, 690 F.2d 951, 961 (D.C. 1982). Moreover, the Court is mindful of the plaintiff's pro se status and of its corresponding obligation to give the plaintiff some measure of latitude in construing his complaint. See United States v. Byfield, 391 F.3d 277, 281 (D.C. Cir. 2004); Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993). Therefore, it would not be inappropriate, all else being equal, for this Court to allow the plaintiff an opportunity to amend his complaint to demonstrate his compliance with the notice provisions of § 633a(d). See Tapia-Tapia v. Potter, 322 F.3d 742, 744-45 (1st Cir. 2003) (dismissing plaintiff's complaint only after "giving [him] the benefit of the doubt by affording him an opportunity . . . to demonstrate that he had satisfied the preconditions for bringing suit on the ADEA claim"). However, given the Court's conclusion, infra, that the plaintiff unquestionably fails to state a claim upon which relief can be granted, it is unnecessary

10

to determine conclusively whether the plaintiff has complied with the threshold requirements of § 633a(d), and the Court therefore need not grant the plaintiff leave to file an amended complaint.[11]

## B. The Defendant's Rule 12(b)(6) Motion

The defendant also moves to dismiss the plaintiff's action for failure to state a claim upon which relief can be granted, arguing, inter alia, that the plaintiff makes no concrete and cognizable allegation of age discrimination.[12] Def.'s Mem. 3-8.  In response, the plaintiff reiterates his account of the undated telephone call with an employee of the defendant's and asserts that "[f]actually, [the] OPM was involved."  Pl.'s Opp. at 1-2. The Court agrees with the defendant, concludes that the plaintiff has failed to state a cognizable claim under ADEA, and must accordingly dismiss the plaintiff's complaint.

To survive a Rule 12(b)(6) motion, a complaint alleging employment discrimination need not "contain specific facts establishing a prima facie case of discrimination [, . . . but] instead must contain only a short and plain statement of the claim showing that the pleader is entitled to relief."  Swierkiewicz, 534 U.S. at 508 (internal quotation marks omitted) (citing Fed. R. Civ. P. 8(a)(2)).  This statement of the claim "must simply give

---

[11]The Court nevertheless has examined the § 633a(d) issue, which is consistent with the general practice of addressing Rule 12(b)(1) jurisdictional challenges before challenges pursuant to Rule 12(b)(6).  See Powell v. Castaneda, 390 F. Supp. 2d 1, 7 (D.D.C. 2005) (citing United States ex. rel. Settlemire v. District of Columbia, 198 F.3d 913, 920 (D.C. Cir. 1999)).

[12]The defendant also argues that the Court lacks the authority to provide the plaintiff with the relief he has requested, that is, to review the plaintiff's qualifications and locate a federal agency that will place him in a suitable GS-13 level position.  Def.'s Mem. at 10-11.  While the defendant is undoubtedly correct, the Court need not reach this argument in light of the plaintiff's general failure to state a cognizable claim.

the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 512 (internal quotation marks and citation omitted).  This is not an onerous standard, and it becomes even less so when the complainant is pro se.  Sparrow, 216 F.3d at 1113 n.2.  As the Seventh Circuit has observed, "[b]ecause [age] discrimination in employment is 'a claim upon which relief can be granted,' . . . 'I was turned down for a job because of my [age]' is all a complaint has to say [to pass muster under Rule 12(b)(6)]."  Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998), quoted in Sparrow, 216 F.3d at 1115.  Nevertheless, the plaintiff here fails to reach the requisite threshold to state a cognizable claim.

The plaintiff makes no factual allegations that he was discriminated against by the defendant.  He does not allege age discrimination relating to the October 1996 letter from the OPM or the December 1996 interview with the EPA,[13] nor does he allege such discrimination in conjunction with his telephone call with the female OPM worker.  Even taking the plaintiff's account of the telephone call as true, the worker's comments appear dismissive and perhaps, as the plaintiff avers, "improper and disrespectful," Pl.'s Opp. at 2, but the Court cannot reasonably infer from the comments any discriminatory overtones, see Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002) (in deciding a 12(b)(6) motion, the Court will "accept neither inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint, nor legal conclusions cast in the form of factual allegations") (internal quotation marks omitted).

To the extent, too, that the plaintiff is claiming disparate treatment on the basis of his age, he has made no allegations (1) that the OPM worker was aware of the

_____

[13]As discussed supra, such allegations would in any event be time-barred.

plaintiff's age, (2) that the comments of the OPM worker constituted, or led to, a

negative personnel action against the plaintiff,[14] or (3) that the negative personnel

action, if such action had been alleged, was motivated by the plaintiff's age.  <u>Cf.

Reeves v. Sanderson</u>, 530 U.S. 133, 141 (2000) (setting forth the "disparate treatment"

standard under the ADEA).  Even if the Court accepts the plaintiff's conclusion, based

on the telephone call, that the OPM "didn't believe [he] was eligible for a senior level

position GS-13 to 15," Compl. at 2, the plaintiff does not allege that the OPM acted

upon this belief, let alone that the agency did so as a result of the plaintiff's age.


# IV. <u>Conclusion</u>

For the foregoing reasons, this Court concludes that the plaintiff failed to state a

claim upon which relief can be granted.  Accordingly, the Court grants the defendant's

motion to dismiss the plaintiff's complaint.

**SO ORDERED** this _____ day of December, 2005.[15]


REGGIE B. WALTON
United States District Judge

---

[14]The plaintiff's statement in his opposition that the "OPM writes the qualification standards and at their discretion, issue policy and advise other federal agencies regarding individual qualifications which can be unsupportive and prevent an individual from being hired in the federal government" does not rise to the level of an allegation that the agency <u>has</u> taken steps to prevent the plaintiff from being hired because of his age.  Pl.'s Opp. at 2.  In any event, "[f]actual allegations contained in briefs or memoranda of law may not be considered when deciding a Rule 12(b)(6) motion."  <u>See</u>, e.g., <u>Ass'n of Am. Med. Coll.'s v. Princeton Review, Inc.</u>, 332 F. Supp. 2d 11, 15 (D.D.C. 2004).

[15]An Order consistent with the Court's ruling accompanies this Memorandum Opinion.